GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
The Sex Offender Registration and Notification Act (“SORNA”), Pub.L. No. 109-248, 120 Stat. 587 (2006) (codified at 42 U.S.C. §§ 16901-16962), authorizes the Attorney General to specify the applicability of SORNA’s registration requirements to pre-SORNA offenders. The Attorney General promulgated regulations stipulating that SORNA’s registration requirements apply to all sex offenders, including pre-SORNA offenders, and providing guidelines for initial registration of retroactive classes of offenders. Those regulations were in effect during the period for which Defendant Alexander DeJarnette, Jr., was charged with failing to register. As a sex offender covered by SORNA, Defendant had to comply with all its registration requirements, including the requirement that he register initially in the jurisdiction of his conviction. I therefore would hold that the jury was properly instructed, and I would affirm the conviction.
*986 Title 42 U.S.C. § 16913 sets out the registration requirements for sex offenders under SORNA in four subsections. Under subsection (a), each sex offender must register in every jurisdiction where the offender resides, works, or is a student. “For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted” if it differs from the offender’s place of residence. Subsection (b) sets out timing requirements for the initial registration: the offender “shall initially register” before completing the term of imprisonment, or no later than three business days after sentencing, if not sentenced to a term of imprisonment. Subsection (c) then lists requirements for “[kjeeping the registration current.”
Certainly, a pre-SORNA offender — that is, someone who was convicted before the enactment of SORNA — cannot comply with the timing requirements of subsection (b). Therefore, subsection (d), titled “Initial registration of sex offenders unable to comply with subsection (b),” states:
The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
Subsection (d) delegates to the Attorney General two responsibilities. Its first clause gives the Attorney General the authority to specify the applicability of all the requirements of the subchapter to pre-SORNA offenders. This clause makes no distinction between the initial registration requirement and the requirement to keep the registration current, both of which are requirements outlined in subsection (a). Subsection (d)’s second clause gives the Attorney General the authority to prescribe rules of registration for offenders who cannot comply with the timing requirements described in subsection (b), whether because they were pre-enactment offenders or for any other reason.
The Supreme Court has noted the importance that Congress placed on uniformity among jurisdictions and on universal coverage of the new federal law. Reynolds v. United States, — U.S.-, 132 S.Ct. 975, 978, 181 L.Ed.2d 935 (2012).[1] In particular, “[t]he Act’s history ... reveals that many of its supporters placed considerable importance upon the registration of pre-Act offenders.” Id. at 982. As the Supreme Court explained, Congress delegated procedures for registration of pre-SORNA offenders to the Attorney General in order to facilitate the transition to the new system and to smooth out the “practical problems arising when the Act sought to apply the new registration requirements to pre-Act offenders.” Id. at 981.
SORNA’s registration requirements do not apply to pre-SORNA offenders “until the Attorney General so specifies.” Id. at 984. But once the Attorney General sets the registration requirements for pre-SORNA offenders, those offenders have the same registration requirements as all other offenders, except to the extent that the Attorney General “prescribed rules for the registration” of sex offenders who are unable to comply with the initial registration timing requirements of subsection (b). 42 U.S.C. § 16913(d). We have held *987 that the Attorney General completed the steps necessary to make SORNA retroactive effective as of August 1, 2008. United States v. Elk Shoulder, No. 10-30072, 738 F.3d 948, 950-51, 2018 WL 5303242, at *2 (9th Cir. Sept. 23, 2013); United States v. Valverde, 628 F.3d 1159, 1162 (9th Cir.2010).
The Attorney General specified SOR-NA’s applicability to pre-SORNA offenders in 73 Fed.Reg. 38,030-1, 38,062-63 (July 2, 2008), which expressly states that pre-SORNA offenders must comply with the initial registration requirement. Under the heading “IX. Initial Registration,” the subsection “Retroactive Classes” begins: “SORNA applies to all sex offenders, including those convicted of their registration offenses prior to the enactment of SORNA.” Id. at 38,063 (emphases added). The “Initial Registration” portion of the regulations then details various procedures and timelines for the initial registration of pre-SORNA offenders. The Attorney General thus clearly and validly specified the applicability of the registration requirements, including the initial registration requirement, to pre-SORNA offenders. As we recently recognized, “SORNA’s registration requirement, codified at 42 U.S.C. § 16913, requires all state and federal sex offenders to register.” Elk Shoulder, 2013 WL 5303242, at *2 (footnote and internal quotation marks omitted).
The majority writes: ‘We have searched in vain for any indication that the Attorney General has applied the ‘initial registration’ requirement of registration in the jurisdiction of conviction, [42 U.S.C.] § 16913(a), to pre-Act offenders who were already required to register under some pre-SORNA scheme. But we are not surprised by the Attorney General’s silence.” Maj. op. at 979. But the Attorney General was not silent. Under the headings for “IX. Initial Registration” of “Retroactive Classes,” the Attorney General specified that “SORNA applies to all sex offenders.” 73 Fed.Reg. at 38,063 (emphasis added). There is no ambiguity. The plain text of the regulations extends SORNA’s initial registration requirement to all sex offenders, of which pre-SORNA offenders with registration requirements under a previous law are simply one subset.
In addition to starting with that affirmative statement of universal application, the regulation covers in detail Defendant’s situation. The majority relies heavily on numbered examples, to. which I will return shortly. But in the paragraph immediately following those examples, the regulations provide:
With respect to sex offenders with pre-SORNA or pre-SORNA-implemen-tation convictions who remain in the prisoner, supervision, or registered sex offender populations at the time of implementation[,] ... jurisdictions should endeavor to register them in conformity with SORNA as quickly as possible.... [Tjhis may entail newly registering or re-registering a large number of sex offenders ....
73 Fed.Reg. at 38,063 (emphasis added). The regulations then go on to outline a number of alternate timing options for jurisdictions in which it is not feasible to register all prior offenders immediately. These procedures are in place precisely to ensure that there will be an initial SOR-NA registration of all offenders, even though the initial registration timing for some pre-SORNA offenders may differ. This paragraph covers Defendant: He is a sex offender who remains under the supervision of the Northern District of California, which the regulations instruct to “endeavor to register [him] in conformity with SORNA as quickly as possible.” Id. The Northern District sought to do exactly that *988 when it asked that he register under SOR-NA as a condition of his supervised release.[2]
By focusing only on the numbered examples, the majority misses the forest for the trees. Those three examples are offered only as “illustrations],” id., not as an exhaustive or comprehensive list. The majority loses sight of the broader purpose and structure of the section in which the examples are situated. The fact that none of them is identical to Defendant’s situation is neither dispositive nor even particularly informative. The examples all deal with offenders who complied with their previous post-conviction registration requirements. Defendant did not, so it is unsurprising that his situation is not listed.[3]
In particular, the majority focuses on Example 2, which describes an offender who, like Defendant, had a pre-SORNA conviction and release and was required to register under an earlier law. Example 2 explains that such an offender must be notified of his new in-person verification requirements following implementation of SORNA. Maj. op. at 977-79. The majority finds it “telling” that the in-person verification requirement is the only new requirement mentioned and that the example does not mention re-registration. Id. at 978. But the Attorney General likely chose that wording because the offender in Example 2 was already part of an earlier registered sex offender population. His initial SORNA registration — which still must occur — would therefore take place when the jurisdiction took steps to implement SORNA, including by bringing all airead ^-registered sex offenders into the SORNA system.
The majority argues that reading an offender’s initial SORNA registration requirement as “initial” after the offender has already been required to register under a previous láw requires “contorting the English language.” Maj. op. at 980. But the “initial registration requirement” *989 at issue is simply the initial ■ registration requirement under SORNA. Every offender, whether convicted pre- or post-SORNA, has an initial registration requirement — it is simply the first time that he or she registers in the uniform federal system following enactment of the new law. This understanding comports with the Attorney General’s recognition that complying with the initial SORNA registration requirement will involve “registering or re-registering” many people already in the sex offender population. 73 Fed.Reg. at 38, 063 (emphasis added).
Furthermore, the next section of the regulations is entitled, “X. Keeping the Registration Current.” 73 Fed.Reg. at 38,065 (emphasis added). “[T]he registration” here refers to the SORNA registration, which the majority does not dispute applies to all sex offenders. In order to have a SORNA registration to keep current, every offender must first have a SORNA registration, and the “initial registration requirement” refers to that first SORNA registration.
My reading is consistent not only with the regulations, but also with the plain text of the statute and with its purpose. Congress intended to create a uniform system that registers all sex offenders, including those who may have fallen through the cracks under previous registration programs. Reynolds, 132 S.Ct. at 979, 982; Elk Shoulder, 738 F.3d at 952, 2013 WL 5303242, at *2. The majority’s reading would create two categories of pre-SOR-NA offenders. Those with no prior registration requirement would be brought into SORNA under the initial-registration mandate. Those with prior registration requirements would have to update then-registration if they ever changed their residence or place of employment or study. But if they were already registered under an old system, or should have registered but failed to, they would not have to register under SORNA in the jurisdiction where convicted (if that location differs from the place of residence, employment, or study) and easily could fall through the cracks. This is precisely the sort of loophole that SORNA was designed to address, and the Attorney General’s regulations provide straightforward guidelines for moving toward a universal registration system, beginning with the initial SORNA registration of all offenders.
In sum, the Attorney General’s regulations validly specify that SORNA’s registration requirements apply to all sex offenders, including pre-SORNA offenders. Defendant, who was convicted in the Northern District of California, was notified of his initial SORNA registration requirement in that jurisdiction. He nevertheless refused to register. He was required to complete an initial registration in the jurisdiction of conviction, and the jury was properly instructed. I would affirm.

. We also recently recognized that "SORNA is designed to improve the uniformity and effectiveness of sex-offender registration sys-terns.” United States v. Elk Shoulder, No. 10-30072, 738 F.3d 948, 951, 2013 WL 5303242, at *2 (9th Cir. Sept. 23, 2013).

. The majority misses two key points about this paragraph. First, as quoted in text, the initial registration regulations note that sex offenders will be registered or re-registered. Because this discussion appears in the regulations concerning initial registration only, the obvious message to be derived is that the Attorney General has specified that some pre-SORNA sex offenders would be re-registering when they completed their initial SORNA registration. They would do so if, for example, they had registered with a state system.
Second, the majority suggests that, because the Attorney General’s initial registration regulations are directed to jurisdictions, they are insufficient to put pre-SORNA sex offenders on notice. Maj. op. at 977 n. 4. But the Attorney General's specification that the initial registration requirement applies means that, once a jurisdiction endeavors to register a pre-SORNA sex offender, the offender has an obligation to comply with the jurisdiction's initial registration requirements. In this case, the Northern District of California, the jurisdiction of conviction, where Defendant was still under supervision, specifically asked that Defendant register under SORNA.

. The majority "finds further support in the Department of Justice’s most recent codification of rules regarding SORNA's retroactive applicability.” Maj. op. at 979 (citing 28 C.F.R. § 72.3 (2011)). Those rules did not govern Defendant’s responsibilities during the relevant period. Moreover, I disagree with the majority's reading of the new rules. Again, the majority relies on examples that are intended to be illustrative, not limiting or exhaustive. The text immediately preceding the examples states simply: "The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act.” 28 C.F.R. § 72.3. There is no limiting text to suggest that some offenders have fewer registration requirements. The Attorney General again has specified that all offenders, including pre-SORNA offenders, are required to comply fully with its provisions.